IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracy H. Luellen<br>7100 Bunker Hill Road<br>The Plains, VA 20198<br>　　　Appellee/Plaintiff<br><br>Vs.<br><br>Scott E. Luellen<br>2017 Allen Place, NW<br>Washington, DC 20009<br>Tel. (202) 460-5155<br>　　　Appellant/Defendant | **FILED**<br>DEC 2 3 2005<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>CASE NUMBER 1:05CV02464<br>JUDGE: Richard J. Leon<br>DECK TYPE: Habeas Corpus/2255<br>DATE STAMP: 12/23/2005 |

**MOTION FOR REMOVAL
FROM STATE COURT TO US DISTRICT COURT**

COMES NOW, Scott E. Luellen, Appellant/Defendant, *Pro Se*, in the above-styled and numbed case from the 20th Judicial Circuit of the Commonwealth of Virginia (Fauquier County), hereby moves the Court to remove the case to the US District Court for the District of Columbia specific and limited to the Judgment entered by the 20th Judicial Circuit of plenary/indirect civil contempt orders of June 2006 and updated December 6, 2005. The case is removal under Section 1441(b) of Title 28, United States Code without any requirement that the removing party(s) be defendant(s), although Appellant is Defendant, to wit:

> b. Any civil action of which the district courts have original
>    jurisdiction founded on a claim or right arising under the

Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Procedural History & Statement of Facts

1. On January 25, 2005, the 20th Judicial Circuit of Virginia endorsed a decree ending the marriage and agreeing a comprehensive financial settlement between the parties with:

   a. Combined monthly support payments of $14,000 per month for approximately four (4) years;

   b. Three lump-sum payments in lieu of equitable distribution would be treated as 'support' to make them non-dischargeable, of $75,000, $125,000 and $40,000;

   c. The decree did not allow for a material change in circumstances;

2. On May 17, 2005 and May 25, 2005, respectively, Appellant failed to make the second and third lump-sum payments of $40,000 to Plaintiff's creditors and $125,000 payment to Plaintiff; however, all monthly support payments were current. Defendant conceded the missed payments and noted his inability to pay because of a default by a third-party to his employer; the Court then held Appellant in indirect/plenary civil contempt on June 6 and 23, 2005 **for failure to pay, WITHOUT FINDING whether he had the ability to pay and refused to pay as required**, and imposed and suspended local detention, for the express purpose of giving Appellant the time he believed

        would be necessary for his employer to cure the default; and scheduled an 'update hearing' for September 6, 2005 to learn how that process was proceeding;

3.   'Update hearings,' continuances of the original Show Cause, were held in September, October, November and December 2005; in each case, the Court heard updates about additional payments made and progress on Appellant's employers transactions to provide funds to Appellant to pay the remaining balance; in each case Defendant/Appellant repeated arguments, that were not rebutted and in several cases, conceded by Plaintiff, of his inability to fully and timely pay the remaining balance; Appellant/Defendant also delivered pleadings to the State Court outlining such detention violated his Constitutional rights; preserving his objection by making it timely and specific; the Court refused to consider and review those pleadings, stating they were in the file but he had not read them;

4.   On December 6, 2005, the Court ruled Appellant to voluntarily report to County detention for 150-days beginning at 5:00 PM that day if payment had not been made; because payment was imminent according to the best information available to Appellant and his participation was required to complete the final transaction and purge the contempt, he did not report; on 8 Dec

2005, the Court issued a *capias* for indirect/plenary civil contempt, NOT for non-appearance;

5. Defendant/Appellant was never advised of his right to counsel in four (4) hearings that could have resulted in detention;

6. Defendant/Appellant offered additional evidence of the absolute defense of inability to pay on various occasions, including October 4, 2005, and, on the record, the Court refused to review the evidence stating it would put in the record file though;

7. Defendant/Appellant on June 23, 2005, offered the Court bank records to evidence his inability to pay, a substitute judge would neither accept nor review that evidence;

8. Defendant/Appellant offered the Court at one hearing, any other documents in his possession, custody or control, to satisfy the Court he was unable to immediately pay the balance and the nonpayment was neither willful nor intentional, no evidence that would please the Court was identified;

9. Plaintiff and Plaintiff's counsel have admitted, on the record or in writing, in one case during a hearing, that they agreed Defendant/Appellant was working as diligently as possible to secure funds to pay the balance, thereby refuting their petition that Defendant/Appellant had the ability to pay and was refusing to or acting contemptuous; specifically, the record reflects Petitioner for Show Cause noted Defendant/Appellant was

                    working very diligently and could not do anything to their knowledge to be more diligent to secure the funds, that they simply had not yet been paid;

10. Appellant/Defendant pleads affirmative defense of unclean hands, in as much as Plaintiff refused to authorize actions of no cost or consequence to her that would have accelerated purging the finding of contempt without regard to whether the contempt finding was Constitutional or violated Federal cases or statues;

11. This Motion for is not procedurally barred because Appellant noted his objection to the original orders, orally objected to the December 6, 2005 order because the Court dismissed with his endorsement, on the record, and at every hearing in the continued Show Cause since has repeated his objection because of inability to pay, including filing briefs with the Virginia Court, which it acknowledged, it had not read, and his signature of the June 6, June 23 and December 6 orders to further preserve his objection was waived by the Court without consent; further, the arguments made herein are for "good cause" and to pursue the ends of justice and greatly in the publics' interests;

12. This Motion is timely because it was filed by Defendant within 30-days of the final order of a state Court, in the specific matter being requested for removal;

Federal Questions

13. The US Court for the District of Columbia has jurisdiction because all issues herein are <u>Federal questions</u> that impact a broad public interest (and accelerate the eventual termination and closure of this case) including:

   a. Is it Constitutional, or does it violate Federal statues and/or case law for a State Court to issue detention for indirect/plenary contempt without any finding regarding ability to pay?

   b. Is it Constitutional, or does it violate Federal statues and/or case law for a State Court to order detention in a case of plenary/indirect civil contempt SOLEY for failure to pay a civil judgment (i.e., NOT ability and refusal to pay)?

   c. Is it Constitutional, or does it violate Federal statutes or common interest for a State Court to treat equitable distribution as if it were monthly support when monthly support is current?

   d. Is it Constitutional, or does it violate Federal statutes and/or case law for a State Court to issue detention in a case of plenary/indirect civil contempt after refusing to accept evidence regarding inability to pay?

   e. Is it Constitutional, or does it violate Federal statutes and/or case law for a State Court to issue detention in a case of plenary/indirect civil contempt after it admits on the record that it

appears the Appellant/Defendant is unable to immediately and timely pay?

f.  Is it Constitutional, or does it violate Federal statutes and/or case law for a State Court to issue detention in a case of plenary/indirect civil contempt without advising an indigent litigant of his/her right to appointed counsel?

g.  Is it Constitutional, or does it violate Federal statutes and/or case law for a State Court to issue detention in a case of plenary/indirect civil contempt without considering on the record whether a litigant unable to pay should be appointed counsel?

h.  Is it Constitutional, or does it violate Federal statutes and/or case law for a State Court to issue detention in a case of plenary/indirect civil contempt wherein Plaintiff's counsel concedes on the record (and/or Plaintiff concedes) contemnor appears unable to pay?

i.  What standards of proof must a State Court set to comply with the Constitution and Federal statues and/or case law regarding inability to pay in cases of detention for plenary/indirect civil contempt?

j.  If a contemnor offers to a State Court to identify any evidence or documents which it would find acceptable to be satisfied contemnor is unable to pay and the Court refuses to identify the evidence it would require, is it Constitutional?

Relief Sought

14. Because this case raises Federal questions being addressed by varying standards in Courts across the Commonwealth and United States daily regarding whether a State Court has to have a finding on the record of contemnor's ability AND refusal to pay to detain him for indirect/plenary civil contempt; the standards of proof for plenary/indirect civil contempt regarding establishing inability to pay and what degree of evidence, if any, is necessary to rebut inability to pay; what findings a Court must make regarding ability to pay, the impact of a Court refusing to accept evidence of a Defendant's inability to pay, and Defendant's right to representation by counsel in civil matters that result in detention, all without violating Constitutionally protected rights, Federal statutes and/or case laws; Removal and orders in this matter would CLARIFY and DEFINITIVELY RESOLVE a myriad of similar issues decided differently in Courts across the Commonwealth and the United States daily, maximizing judicial economy and equality under Federal law and the Constitution;

15. Appellant prays this honorable Court allow this case to be removed and reviewed by the US District Court, limited to the Constitutionality and permissibility under Federal statutes and case law of the orders pertaining to plenary/indirect civil contempt;

16.     And any other such relief and judgment the Court deems appropriate.

Very Respectfully,

Scott E. Luellen, *Pro Se*
Appellant/Defendant
2017 Allen Place, NW
Washington, DC 20009
Tel. (202) 460-5155
Fax (202) 342-5299

## CERTIFICATE OF SERVICE

I certify that a copy of the appellant's pleading was faxed to Robin Gulick, Esq., Counsel for the Plaintiff/Appellee, Gulick Carson & Thorpe, PC, 70 Main St # 52 Warrenton, VA via facsimile to 540-347-9711 on this 23rd day of December, 2005.

Scott E. Luellen, Appellant/Defendant