UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracey H. Luellen<br>7100 Bunker Hill Road<br>The Plains, VA 20198,<br><br>      Plaintiff,<br><br>v.<br><br>Scott E. Luellen<br>2017 Allen Place, NW<br>Washington, D.C. 20009<br>Telephone (202)-460-5155<br>*Pro se*<br><br>      Defendant. | Civil Action No. 05cv2464 (RJL)<br><br>ORAL ARGUMENT REQUESTED |

## PLAINTIFF TRACEY H. LUELLEN'S MOTION TO REMAND THIS CASE AND FOR ATTORNEYS' FEES

Plaintiff Tracey H. Luellen, by and through counsel, hereby moves that this Honorable Court remand this case back to the 20th Judicial Circuit of the Commonwealth of Virginia (Fauquier County), and issue an order awarding her attorneys' fees incurred while drafting this motion.

Respectfully submitted,

*/s/ Dane Butswinkas*
Dane Butswinkas (D.C. Bar #425056)
Michael T. Morley
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000
Fax: (202) 434-5029

Dated: January 11, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracey H. Luellen<br>7100 Bunker Hill Road<br>The Plains, VA 20198,<br><br>    Plaintiff,<br><br>v.<br><br>Scott E. Luellen<br>2017 Allen Place, NW<br>Washington, D.C. 20009<br>Telephone (202)-460-5155<br>*Pro se*<br><br>    Defendant. | Civil Action No. 05cv2464 (RJL)<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
TRACEY H. LUELLEN'S MOTION TO REMAND
THIS CASE AND FOR ATTORNEYS' FEES**

This proceeding is Defendant Scott Luellen's latest attempt to avoid fulfilling his alimony and child support obligations to his former wife, Tracey Luellen. There is no basis for removing this matter to federal court or for this court to inject itself into an ongoing state-court alimony and child support dispute by issuing a TRO or injunction.

**Procedural History**

On August 11, 2003, Plaintiff Tracey Luellen filed for divorce from Defendant Scott Luellen in the Circuit Court of Fauquier County, Virginia. *See* Ex. A. Three days later, Mr. Luellen filed a cross-bill of complaint for divorce before the same court. *See* Ex. B. On January 25, 2005, the court entered a final consent decree of divorce, obligating Mr. Luellen to make monthly spousal and child support payments, as well as lump-sum spousal support payments of $75,000 on February 8, 2005, and $125,000 on

May 1, 2005. Ex. C at 4-5 (hereafter, "Divorce Decree"). Throughout 2005, Mr. Luellen repeatedly failed to satisfy these obligations, leading the Circuit Court to hold him in contempt on three separate occasions, *see* Exs. D-F, and to rule that he has "failed to fully comply" with court orders and decrees on four other occasions, *see* Exs. G-J.

On October 4, 2005, the Circuit Court held that Mr. Luellen owed Ms. Luellen $171,164.53 in spousal and child support payments and directed him to pay her these funds by October 18, 2005. Ex. G. Finally, on December 8, 2005, the court issued a capias for Mr. Luellen's arrest and ordered that he be imprisoned for 150 days or until he satisfies his obligations to Ms. Luellen. Exs. J, K. Dissatisfied with both the court's orders and the outstanding capias, Mr. Luellen now attempts to remove the matter to this Court.[1]

## I.   REMOVAL IS IMPROPER FOR A VARIETY OF REASONS.

"Courts must strictly construe removal statutes." *LaPoint v. Mid-Atlantic Settlement Servs.*, 256 F. Supp. 2d 1, 3 (D.D.C. 2003); *Williams v. Howard University*, 984 F. Supp. 27, 29 (D.D.C. 1997). "The court must resolve any ambiguities concerning the propriety of removal in favor of remand." *Greene v. AFGE, AFL-CIO Local 2607*, No. 05-0408 (RMU), 2005 U.S. Dist. LEXIS 19983, at *6 (D.D.C. Sept. 7, 2005). Remand is required in this case because Mr. Luellen's motion for removal is both procedurally and substantively deficient in a number of ways.

First, this Court lacks subject-matter jurisdiction. This matter may not be removed as a diversity case because 28 U.S.C. § 1441(b) prohibits a defendant from

---

[1]   Mr. Luellen filed his motion to remove this matter on December 23, 2005. This motion, filed on January 11, 2006, is filed within the 30-day statutory deadline for motions to remand. *See* 28 U.S.C. § 1447(c). Because this is a dispositive motion, "meet and confer" with Mr. Luellen is not required under Local Rule 7(m).

2

removing a diversity case to a district court in the state in which he lives. *See Adolph Coors Co. v. Truck Ins. Exch.*, No. 04-2150 (RMU), 2005 U.S. Dist. LEXIS 3588, at *4 n.2 (D.D.C. Feb. 28, 2005). Mr. Luellen is a resident of Washington, D.C. and he is seeking to remove this case to the U.S. District Court for the District of Columbia. *Cf.* 28 U.S.C. § 1441(b).

Likewise, this case may not be removed under this Court's federal-question jurisdiction because Plaintiff's initial filing is not "founded on a claim or right arising under the Constitution, treaties or laws of the United States." *Id.* A court may exercise federal question jurisdiction over a case only when the well-pleaded complaint raises substantial issues of federal law; the existence of federal defenses is not enough. *See Aetna Health, Inc v. Davila*, 542 U.S. 200, 207 (2004); *Psychiatric Inst. of Washington, D.C., Inc. v. Wells*, No. 92-0416, 1992 U.S. Dist. LEXIS 14308, at *5 (D.D.C. Aug. 31, 1992). Ms. Luellen's initial complaint, however, requested only a divorce, spousal support, and child support, all under Virginia state law. *See* Ex. A at 2. It includes neither federal causes of action, nor state-law causes of action that necessarily raise substantial and "important issue[s] of federal law." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2368 (2005).

Mr. Luellen's removal motion cites 10 allegedly federal issues. *See Removal Motion* at 6-7. None of the issues he cites, however, actually involve federal questions apparent from the face of the complaint. Instead, he raises a variety of constitutional and federal statutory challenges to the procedures followed by the Virginia court. *See id.* (asking repeatedly, in rhetorical terms, whether it is "Constitutional, or does it violate Federal statutes and/or case law for a State Court" to perform certain acts). Instead of

3

pointing out federal issues inherent to Ms. Luellen's causes of action, Mr. Luellen is instead arguing that the Virginia state court acted illegally or unconstitutionally under federal law. These are classic federal defenses that do not give rise to federal question jurisdiction. *See Clark v. Superior Court of the District of Columbia*, 702 F. Supp. 4, 7 (D.D.C. 1988) ("[A] a federal defense alone, regardless of its merits, does not serve to vest jurisdiction in this court."); *see also Lanham v. Griffin*, 7 F. Supp. 2d 644, 645 (D. Md. 1998) ("The fact that the state court defendant might rely on federal rights, be they constitutional or statutory, in defense of the action does not confer federal question removal jurisdiction."). Because this Court lacks jurisdiction over this case, it must be remanded to Virginia state court.

Second, even if this court could somehow exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332, this case falls within the domestic relations exception to federal courts' jurisdiction for a variety of reasons. First, as the Supreme Court declared, "the domestic relations exception, as articulated by this Court since [*Barber v. Barber*, 62 U.S. 582 (1859)], divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Ms. Luellen's complaint sought divorce, spousal support, and child support decrees, bringing it squarely within the domestic relations exception to federal court jurisdiction.

Moreover, Mr. Luellen's motion for removal likewise implicates the domestic relations exception because he is essentially challenging the validity of those orders. This Court has consistently refused to exercise jurisdiction over cases that would require it to find that state family court decrees were invalid. *See Prins v. Prins*, No. 90-0976, 1990

4

U.S. Dist. LEXIS 14790, at *4 (D.D.C. Oct. 30, 1990); *see also Ellison v. Sadur*, 700 F. Supp. 54, 55 (D.D.C. 1988) ("[S]ome cases are so strongly intertwined with domestic relations matters—though they may relate only indirectly to such matters—that a federal court should not hear it on its merits.").

Courts in other jurisdictions have likewise held that the exception is triggered where a party "questions the underlying domestic relations issues by challenging the family court order." *Mensah v. St. Joseph Cty. Family Indep. Agency*, No. 98-1726, 1999 U.S. App. LEXIS 22430 (6th Cir. Aug. 11, 1999); *see also Berntson v. Indiana*, No. 98-1024, 1998 U.S. App. LEXIS 20532 (7th Cir. Aug. 10, 1998) ("Because numerous counts of the complaint challenge [the plaintiff's] custody and visitation rights, the district court properly dismissed these counts under the 'domestic relations exception.'"); *Blair v. Supportkids, Inc.*, No 02-C-0632, 2003 U.S. Dist. LEXIS 6640, at *8 (N.D. Ill. Apr. 18, 2003). Because Mr. Luellen's motion for removal focuses on the validity of the state family court orders, this Court may not exercise jurisdiction over this case.

Finally, exercising jurisdiction over this case would undermine the policies underlying the domestic relations exception. As the *Ankenbrandt* Court went on to observe, "Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts." 504 U.S. at 703-04. By exercising jurisdiction over this case, this court will become responsible for ensuring Mr. Luellen's compliance with his spousal and child support obligations into the indefinite future—a responsibility best left to state courts.

Third, this case should be remanded because the *Rooker-Feldman*[2] doctrine prevents this Court from exercising jurisdiction over it. "Rooker-Feldman doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 348 U.S. App. D.C. 369, 275 F.3d 1113, 1119 (D.C. Cir. 2002); *Jackson v. Jarman*, No. 98-5077, 1998 U.S. App. LEXIS 20706, at *4 (emphasizing that *Rooker-Feldman* is a jurisdictional bar). The D.C. Circuit has recognized that even constitutional challenges to state court rulings, such as those Mr. Luellen raises in his motion for removal, are prohibited by *Rooker-Feldman*. *See Stansel v. Delaney*, No. 97-7245, 1999 U.S. App. LEXIS 2454, at *2 (D.C. Cir. Jan. 13, 1999) ("Because appellant is essentially seeking review of the D.C. Superior Court decision, which under *Rooker-Feldman* she cannot do, and because her general constitutional challenge to that court's ruling is inextricably intertwined with that decision, the district court correctly found jurisdiction lacking."). Because all of the issues raised in Mr. Luellen's motion for removal are "inextricably intertwined" with the validity of the state court's rulings, *Thomas v. Knight*, 257 F. Supp. 2d 86, 93 (D.D.C. 2003), this Court lacks jurisdiction and should remand this case.

Fourth, Mr. Luellen's notice of removal is untimely under § 1446(b). A notice of removal must be "filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see LaPoint v. Mid-Atl. Settlement Servs.*, 256 F. Supp. 2d 1, 2 (D.D.C. 2003). The pleading which initiated this case, Ms. Luellen's bill of complaint for divorce, was filed on August 11, 2003. *See* Ex. A. The

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Fauquier County Circuit Court entered the Divorce Decree, which established the obligations Mr. Luellen has repeatedly violated, as part of that proceeding. *See* Ex. C. The court retained jurisdiction over the matter to ensure Mr. Luellen's compliance with its decree. *See* Va. Code § 20-107.3(K) ("The court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section, including the authority to . . . [p]unish as contempt of court any willful failure of a party to comply with the provisions of any order made by the court under this section"); *id.* § 20-124.2(E) (stating that courts retain jurisdiction over child support and custody cases to enforce their orders). Thus, all of the Circuit Court's Rules to Show Cause, as well as its capias for Mr. Luellen, were issued as part of the case initiated by Ms. Luellen's August 2003 bill of complaint. Because more than 30 days have elapsed since this matter was initiated, Mr. Luellen may not now seek to remove it.

Fifth, Mr. Luellen waived his right to remove this case by actively litigating the matter in state court. "[L]itigating [a case] on the merits [in state court] effectively waives the defendant's right to remove a state court action to the federal court." *Yusefdazeh v. Nelson, Mullins, Riley & Scarborough LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004). His repeated appearances before and filings with the state court constitute a "'clear and unequivocal' intent to remain in state court." *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991); *see, e.g., Jacko v. Thorn Ams., Inc.*, 121 F. Supp. 2d 574, 577 (E.D. Tex. 2000) ("[The defendant's] participation in the June 2, 2000 hearing therefore constituted an affirmative invocation of the state court's jurisdiction; clearly, it

intended to have the state court resolve the case."). Consequently, Mr. Luellen may not now seek to remove this case to federal court.

<u>Sixth</u>, Mr. Luellen is attempting to remove this case to the wrong court. Federal law states that a civil action in state court may be removed only to "the district court of the United States *for the district and division within which such action is pending*." 28 U.S.C. § 1441(a) (emphasis added); *accord id.* § 1446(a). The case Mr. Luellen is attempting to remove is from "the 20th Judicial Circuit of the Commonwealth of Virginia," yet he removed the case to "the US District Court for the District of Columbia." *Removal Motion* at 1. Consequently, this matter must be remanded.

## II.   MS. LUELLEN IS ENTITLED TO RECOVER ATTORNEYS' FEES INCURRED IN OPPOSING MR. LUELLEN'S NOTICE OF REMOVAL.

Federal law states, "[A]n order remanding [a removed] case may require the payment of just costs and any actual expenses, including attorney fees incurred as a result of the removal." 28 U.S.C. § 1447(c). "Under the statute, there is no requirement that plaintiffs prove bad faith as a condition precedent to collecting their costs. Costs and fees are left to the sound discretion of the district court." *Taylor v. Capital City Mortg. Corp.*, No. 91-1552, 1991 U.S. Dist. LEXIS 10234, at *3 (D.D.C. July 23, 1991). As the Supreme Court recently held in *Martin v. Franklin Capital Corp.*, 163 L. Ed. 2d 547, 552 (2005) (Roberts, C.J.), "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." As the preceding Part demonstrates, Mr. Luellen's motion for removal suffers from a variety of facially evident deficiencies. In particular, it is crystal clear that the "well pleaded complaint rule" renders his allegations of federal question jurisdiction frivolous, he clearly filed the motion in the wrong court, and the motion was indisputably filed after

the 30-day removal deadline. Because Mr. Luellen lacked an "objectively reasonable basis" for removing this case, Ms. Luellen is entitled to attorneys' fees.

## CONCLUSION

For these reasons, this Court should grant Plaintiff Tracey H. Luellen's Motion to Remand This Case and for Attorneys' Fees.

Respectfully submitted,

*/s/ Dane Butswinkas*

Dane Butswinkas (D.C. Bar #425056)
Michael T. Morley
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000
Fax: (202) 434-5029

Dated: January 11, 2006

9

## CERTIFICATE OF SERVICE

I, Dane H. Butswinkas, Esq., do hereby swear that on this 11th day of January, 2006, I did cause a true and correct copy of Plaintiff Tracey H. Luellen's Motion to Remand This Case and for Attorneys' Fees, the Memorandum of Law in Support of Plaintiff Tracey H. Luellen's Motion to Remand This Case and for Attorneys' Fees, and the proposed Order to be served via first-class mail, postage prepaid, upon:

Scott E. Luellen
2017 Allen Place, NW
Washington, D.C. 20009
*Pro se Defendant*

_____
Dane H. Butswinkas (DC Bar #425056)