# EXHIBIT A

VIRGINIA:

IN THE CIRCUIT COURT OF FAUQUIER COUNTY

TRACEY L. HODGE LUELLEN,
      Complainant,

v.                              CHANCERY NUMBER CH03-_____.____

SCOTT ERIC LUELLEN,
      Defendant.

## BILL OF COMPLAINT

SERVE:    SCOTT ERIC LUELLEN
           c/o Ideal Ventures, LLC
           16 East Washington Street
           Middleburg, Virginia 20118

COMES NOW your Complainant, Tracey L. Hodge Luellen, and respectfully represents as follows:

1. Scott E. Luellen and Tracey L. Hodge Luellen were married on December 3, 1994, in Washington, D.C.

2. There were two children born of the marriage of the parties, namely, MADISON EMILY LUELLEN, born July 11, 1999; and MORGAN ELIZABETH LUELLEN, born February 7, 2002.

3. Complainant and Defendant are domiciled in and have been bona fide residents of the Commonwealth of Virginia for more than six months next preceding the commencement of this suit.

4. Complainant and Defendant are both over the age of eighteen years, are of sound mind, and neither of them is in the military service of the United States.

5. Complainant and Defendant last cohabited as husband and wife at 2698 Zulla Road, Middleburg, Fauquier County, Virginia.

GULICK, CARSON
& THORPE, P.C.
Attorneys at Law
70 Main Street
Warrenton, Virginia
20186
Phone: Area Code 540
347-3022

1

6. Defendant, without just cause, deserted Complainant on or about February 10, 2003, by announcing the marriage was terminated and that he wanted a divorce. The parties hereto have lived separate and apart, continuously, uninterruptedly and without cohabitation since April 13, 2003.

7. Since the Defendant's desertion, the Defendant has been extremely cruel to your Complainant; has assaulted her verbally; and has cut off all support to her, making it impossible for her and her children to live with him.

8. Since the separation, the Defendant has made and continues to make inappropriate remarks to the children of the parties. Given the ages of the children, the best interests of the children require that she be granted exclusive use of the marital home, *pendente lite*, and sole custody of the minor children, subject to the Defendant's reasonable visitation.

9. Complainant believes that reconciliation is highly improbable.

WHEREFORE, Complainant prays that she be granted a divorce a mensa et thoro from the Defendant on the grounds of cruelty and desertion; that said divorce be merged into a divorce a vinculo matrimonii after the statutory period; that she be granted exclusive use of the marital home; that she be awarded child support of the minor children; that she be awarded spousal support; that she be afforded all relief under Sections 20-103, 20-107.1, 20-107.2, and 20-107.3 of the Code of Virginia of 1950, as amended; that she be awarded her attorney's fees and costs expended; and for such other and further relief as to equity may seem meet and the nature of this case may require.

Respectfully submitted,

TRACEY L. HODGE LUELLEN
By Counsel

2

Robin C. Gulick
GULICK, CARSON & THORPE, P.C.
P.O. Box 880
Warrenton, Virginia 22186
(540) 347-3022
Counsel for Complainant

## CERTIFICATE OF SERVICE

I hereby certify that on this __11th__ day of August, 2003, the foregoing Bill of Complaint was mailed by first-class mail, postage prepaid, to: David E. Roop, Jr., Esquire, Condo, Masterman, Kelly & Roop, P.C., 8444 Westpark Drive, Suite 500, McLean, Virginia 22102.

Robin C. Gulick

# EXHIBIT B

VIRGINIA:

IN THE CIRCUIT COURT OF FAUQUIER COUNTY

TRACEY HODGE LUELLEN       :

Complainant/Cross-Defendant     :

vs.                              :        IN CHANCERY NO.:

SCOTT E. LUELLEN           :

Defendant/Cross-Complainant   :

## CROSS-BILL OF COMPLAINT

COMES NOW the Defendant/Cross-Complainant, SCOTT E. LUELLEN,

hereinafter the Cross-Complainant and for his Cross-Bill of Complaint states as follows:

1. The Cross-Complainant and TRACEY HODGE LUELLEN,

Complainant/Cross-Defendant, hereinafter the Cross-Defendant were lawfully   *A*

married on December 3, 1994, in Washington, D.C.

2. The parties are both over the age of eighteen (18) years and neither is on   *A*

active duty in the armed forces of the United States.

3. The Cross-Complainant is now, and has been for at least six (6) months   *A-*

preceding the institution of this cause, a <u>bona fide</u> resident of, and actually domiciled in,

the Commonwealth of Virginia.

4. There were two (2) children born during the marriage of the parties, namely:   *A*

Madison Emily Luellen, born July 11, 1999; and Morgan Elizabeth Luellen, born

February 7, 2002.

5. The parties last cohabited as husband and wife in Fauquier County, Virginia.   *A*

---

Luellen v. Luellen
Chancery No.:
Cross-Bill of Complaint
Page 1 of 6

6. The Cross-Defendant did desert and abandon the Cross-Complainant, without just cause or excuse, no later than on or about April 21, 2003; which desertion continues to the present time. Some of the below-described facets of the parties' separation, if not agreed to, were expected by both parties; the remaining below-described facets of the parties' separation were both not agreed to and unexpected. In their totality, Cross-Defendant's actions constitute desertion. The facts supporting the desertion are as follows:

(a) Cross-Defendant mentioned the prospect of divorce prior to February 2003; *A*

(b) Cross-Defendant agreed to a no-fault divorce in February or March 2003; *B, based on promises he reneged*

(c) Cross-Defendant attended counseling related to the dissolution of the marriage in March and April 2003; *admitted as how to do so in best interest of marriage*

(d) Cross-Defendant refused to eat meals with Cross-Complainant after February 2003; *she made plates, he refused to eat + stopped coming to dinner altogether*

(e) Cross-Defendant refused marital relations with Cross-Complainant after February 2003; *had sex on Feb 3, 2003 – he announced marriage was over on 2-9-03 – neither initiated sex thereafter.*

(f) Cross-Defendant moved out of the marital sleeping quarters on or about April 21, 2003 and refused to share sleeping quarters with Cross-Complainant thereafter; Cross-Defendant subsequently locked the door to her sleeping quarters and told others she had separated from Cross-Complainant; *admitted, was at the request of Scott*

(g) Cross-Defendant repeatedly refused to pay for the children's living expenses after April 21, 2003; *denied.*

(h) Cross-Defendant repeatedly locked Cross-Complainant out of the marital residence in the first five months of 2003; *do*

(i) Cross-Defendant repeatedly caused the burglar alarm system to go off when Cross-Complainant returned to the marital residence on one or more occasions since April 21, 2003; *deny*

(j) Cross-Defendant repeatedly secreted keys to the marital Range Rover after April 21, 2003; *deny*

(k) Cross-Defendant has indicated through counsel that the date of separation was April 21, 2003; *admit*

(l) Cross-Defendant's actions have destroyed the legitimate ends of marriage and rendered continued cohabitation as husband and wife intolerable. *denied*

7.    The parties last cohabited as husband and wife in Fauquier County, Virginia. *admit*

8.    There is no hope or probability of a reconciliation between the parties. *admit*

9.    The Cross-Complainant is a fit and proper person to have custody of the minor child of the parties. The Cross-Defendant is not a fit and proper person to have primary physical custody of the minor children of the parties. She has described herself as delusional. In recent months, she has incurred over $30,000 in psychiatrist bills while being a distracted and neglectful part-time caregiver. She left the parties' baby unattended while Cross-Defendant exercised, and as a consequence Cross-Defendant was unaware that the baby was developing a fever, which was so severe it resulted in a febrile seizure. She left an open medicine bottle on her daughter's sink. The child drank from the bottle and took an overdose. She attempted to secure a medicine

Luellen v. Luellen
Chancery No.:
Cross-Bill of Complaint
Page 3 of 6

containing Codeine for the baby, on the alleged advice of a nurse, without consulting a

doctor. The children have been left to play in rooms with cat feces on the floor and in

areas exposed to electrical wires or needles. A child of the parties has, while in Cross-

Defendant's care, (a) applied crazy glue to glue a hand to a face; (b) suffered a head and
*SCOTT*

*Minor bruise cut play great*

face trauma, (c) been exposed to Lyme disease; (d) burned near the eye. The children

dearly love their nanny, Luz Santos. Despite this, in recent months, Cross-Defendant

has on repeated occasions attempted to cause the nanny, Luz Santos, to quit. Cross-

Defendant has failed promptly to inform both Luz and Cross-Complainant of one or *denied*

more of the above-described injuries and/or risks to the children.

  10.  There are issues of custody, support and equitable distribution to be resolved

by this court in this matter.  *admit*

  11.  There is no hope or possibility of a reconciliation between the parties. *admit*

  WHEREFORE, your Cross-Complainant prays:

  a.  That he be granted a divorce a mensa et thoro on the grounds of desertion,

     pursuant to §20-95 of the Code of Virginia, 1950 (as amended), with leave to

     amend, upon the lapse of the statutorily-required time, for a divorce *a vinculo*

     *matrimonii.*

  b.  That he be awarded custody and child support, both pendente lite and

     permanent;

  c.  That the court enter an order enjoining and restraining the Cross-Defendant

     from selling, transferring, conveying or disposing of any property over

     which this court has jurisdiction pursuant to §20-107.3 of the Code;

Luellen v. Luellen
Chancery No.:
Cross-Bill of Complaint
Page 4 of 6

d. That upon decreeing a divorce a vinculo matrimonii, the court determine ownership and value of the property of the parties; grant to the Cross-Complainant a monetary award and/or divide or transfer such property of the parties; and allocate the marital indebtedness of the parties; pursuant to §20-107.3 of the Code;

e. That the court grant to the Cross-Complainant his counsel fees and costs expended herein, both pendente lite and permanent; and

f. That the court grant to the Cross-Complainant such other and further equitable relief as the court shall deem appropriate.

_Scott E. Luellen (DER)_

SCOTT E. LUELLEN, Cross-Complainant
By Counsel

_David E. R_

David E. Roop, Jr.
CONDO & MASTERMAN, P.C.
1921 Gallows Road, Suite 830
Vienna, Virginia 22182
Counsel for Cross-Complainant
T: (703) 442-0888
F: (703) 442-0294
Virginia State Bar No.: 35812

Luellen v. Luellen
Chancery No.:
Cross-Bill of Complaint
Page 5 of 6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was transmitted via facsimile and mailed, postage prepaid, to Robin C. Gulick, Counsel for Complainant, at GULICK, CARSON & THORPE, P.C., P.O. Box 880 Warrenton, Virginia 22186, on this 14th day of August, 2003.

David E. Roop, Jr.

Luellen v. Luellen
Chancery No.:
Cross-Bill of Complaint
Page 6 of 6

# EXHIBIT C

VIRGINIA:

IN THE CIRCUIT COURT OF FAUQUIER COUNTY

TRACEY L. HODGE LUELLEN,
      Complainant/Cross-Defendant,

v.                                          CHANCERY NUMBER CH03-166

SCOTT ERIC LUELLEN,
      Defendant/Cross-Complainant.

## **FINAL DECREE OF DIVORCE**

THIS CAUSE came on to be heard upon all pleadings of the parties filed herein, upon the evidence of Complainant and others heard *ore tenus*, and the agreement of the parties, and the matter was argued by counsel and the Defendant, Scott E. Luellen, *Pro Se.*

UPON CONSIDERATION WHEREOF, and it appearing to the Court, independent of the admissions of either party in the pleadings or other of the following facts:

1. That the parties are of legal age and are otherwise legally competent;

2. That the parties were lawfully married on the 3rd day of December, 1994, in Washington, D.C.;

3. That there were two children born of the marriage of the parties, namely, Madison Emily Luellen, born July 11, 1999, and Morgan Elizabeth Luellen, born February 7, 2002.

4. That Complainant and Defendant have been bona fide residents of the Commonwealth of Virginia for more than six months next preceding the commencement of this suit;

GULICK, CARSON
& THORPE, P.C.
Attorneys at Law
70 Main Street
Warrenton, Virginia
20186
Phone: Area Code 540
347-3022

1

5.  That the parties hereto last resided and cohabited together as husband and wife at 2698 Zulla Road, Middleburg, Fauquier County, Virginia;

6.  That neither party is an active member of the Armed Forces of the United States of America;

7.  That the parties hereto separated from each other on or about the 13th day of April, 2003, and have lived separate and apart continuously, without cohabitation, and without interruption since that time, and that at the time of separation, your Complainant intended for the separation to be permanent;

8.  That a reconciliation between the parties is not probable, it is hereby ADJUDGED, ORDERED and DECREED that the Complainant, pursuant to the provisions of Section 20-91(9) of the Code of Virginia of 1950, as amended, be and she is hereby granted a divorce a vinculo matrimonii on the grounds that the parties have lived separate and apart continuously, uninterruptedly, and without cohabitation for a period exceeding one year, and that the bond of matrimony created by the marriage between the parties on the 3rd day of December, 1994 be and the same is hereby DISSOLVED, and it is further

ADJUDGED, ORDERED and DECREED as follows:

1.  Custody.  The parties shall continue to comply with the custody and visitation arrangements as expressed in the *Pendente Lite* Decree of October 23, 2003, as amended by the February 11, 2004 Decree, and as further amended by the Consent Decree of June 23, 2004 concerning the children spending alternating seven-day blocks with each party during the summer.

2

2. A duty of support is owed by the Defendant to the following children of the parties:

**Name:**                                      **Date of Birth:**

MADISON EMILY LUELLEN              July 11, 1999

MORGAN ELIZABETH LUELLEN         February 7, 2002

3. <u>Section 20-60.3</u>. Pursuant to Section 20-60.3 of the Code of Virginia, the parties are hereby notified of the following provisions of Virginia law, and the parties hereby represent to this Court that the information provided below is true information:

a. Support payments may be withheld as they become due pursuant to 20-79.1 or 20-79.2 from earnings as defined in Section 63.2-1900, without further amendments of this Order or having to file an application for services with the Department of Social Services.

b. Support payments may be withheld pursuant to Chapter 19 (Section 63.2-1900 *et seq.*) of Title 63.2 without further amendments to this Order upon application for services with the Department of Social Services.

c. The following is true information regarding each party subject of this Decree:

| | **MOTHER** | **FATHER** |
|---|---|---|
| Date of Birth: | June 22, 1967 | May 16, 1972 |
| Social Security #: | 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 | 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 |
| Place of Employment: | Not employed | The Heritage Companies P.O. Box 1864 Middleburg, VA 20118 |
| Work Telephone #: | NA | 540-687-8233 |

3

| Home Address: | 7100 Bunker Hill Road<br>The Plains, VA 20198 | 2698 Zulla Road<br>Middleburg, VA 20118 |
|---|---|---|
| Home Telephone #: | 540-253-5662 | |

d.  If child support payments have been ordered, then, unless the Court orders otherwise for good cause shown, the parties shall give each other and the Court at least thirty days' advance written notice of any change of address, and shall give written notice of any change of telephone number within thirty days of the change.  The parties shall give these notices to each other, and, when payments are to be made through the Department of Social Services (DSS), to DSS.

e.    If support provided in this Order becomes payable through the Department of Social Services (DSS), the parties shall provide each other and DSS with his or her current employer's name, address and telephone number.  If payments are to be made directly to the Obligee, then the Obligor shall keep the Court informed of his or her current employer's name, address and telephone number.

f.    A Petition may be filed for the suspension of any license, certificate, registration or other authorization to engage in a profession, trade, business or occupation issued by the Commonwealth of Virginia to a person responsible for support as provided in Section 63.2-1937, upon a delinquency for a period of ninety (90) days of more or in an amount of $5,000.00 or more.  Neither party holds any such license, certificate, registration or authorization at this time.

4.  Spousal Support.  Defendant unconditionally waives any and all statutory or common law right of alimony or support and maintenance from Complainant including any reservation thereof.  Defendant shall have an obligation to pay periodic spousal

4

support to Complainant in the sum of Seven Thousand and 0/100 Dollars ($7,000.00) per month payable monthly commencing on the 1st day of February, 2005, and continuing monthly thereafter on the 1st day of each month for the next fifty-five months, with the last payment being due on June 1, 2009. Defendant's spousal support obligation payable to Complainant shall end sooner than said date only upon Defendant's death, Complainant's death, Complainant's remarriage or Complainant's cohabitation with a male in a relationship analogous to marriage under such terms which call for termination pursuant to Virginia Code §20-109A, 1950, as currently amended. This spousal support shall be non-modifiable, non-taxable, non-deductible and non-dischargeable.

    5. <u>Lump Sum Spousal Support Pursuant to Section 20-107.1</u>. Defendant shall pay to Complainant a non-modifiable, non-dischargeable, non-taxable and non-deductible lump sum alimony payment of Five Hundred Fifty Thousand and 0/100 Dollars ($550,000.00), to be payable as follows: $75,000.00 on or before February 8, 2005; $125,000.00 to be paid on or before May 1, 2005; and the remaining $350,000.00 to be paid at the rate of $5,000.00 per month, due and payable on the first day of each month commencing February 1, 2005, for seventy months or until paid in full.

    6. <u>Child Support</u>. Defendant shall pay to Complainant child support in the sum of Two Thousand and 0/100 Dollars ($2,000.00) per month for the support and maintenance of the parties' minor children. Said payments shall be made on the 1st day of each month commencing February 1, 2005 and shall continue until July 1, 2017, unless Madison (1) is a full-time student; (2) not self-supporting; or (3) living in the home of the parent seeking or receiving child support, then until she reaches the age of

nineteen or graduates from high school, whichever occurs first, at which time child support shall be reduced to One Thousand and 0/100 ($1,000.00) per month.  Said support shall continue to be paid through Morgan's eighteenth birthday and/or for a child who (1) is a full-time student; (2) not self-supporting; or (3) living in the home of the parent seeking or receiving child support until the child reaches the age of nineteen or graduates from high school, whichever occurs first.  Further, Defendant shall be solely responsible for the cost of education of the parties' minor children until such child reaches the age of twenty-five, at which time this obligation ceases.  The parties agree that this obligation of the Defendant may be more fully refined at the custody and visitation hearing.

7. <u>Health Insurance Coverage</u>.  Defendant shall provide health insurance coverage for the parties' minor children for so long as the policy terms allow, but not to terminate earlier than each child turning nineteen years of age or graduating from high school, whichever shall first occur.  Pursuant to Virginia Code §20-108.2D, as currently amended, applicable reasonable and necessary uninsured medical or dental expenses that are in excess of $250.00 for any calendar year for each child who is subject to a support obligation shall be allocated in proportion to the parents' gross incomes, with payment and reimbursement per the aforesaid statute, which is 80% Defendant and 20% Complainant. The health insurance carrier which provides the coverage applicable to this Decree is Anthem Blue Cross Blue Shield, Group Number 84005005. This policy is provided all or in part as a benefit of the employment of the Defendant by his employer.

8. <u>Support Arrearages</u>. No support arrearages exist as of the date of this Decree.

9. <u>Equitable Distribution</u>.

A. **Personalty:** The Defendant shall retain possession of the following items of marital personalty from the former marital residence: the barrel-back corner cabinet, the couch in the foyer; the large red rug, the canopy bed upstairs, and the pair of green couches upstairs. The Defendant warrants that no marital tangible personal property has been ~~dissipated~~ REMOVED since November 23, 2004 other than the Matisse, the Rembrandt and the Rolex watch, which items are waived by both parties. The Complainant shall have possession of all other items of marital personalty as she may desire, specifically to include the two Cassat prints in storage. The parties agree to communicate directly concerning making arrangements for the Complainant to retrieve the items of personalty from the Guardian Storage facility by January 31, 2005 and the former marital residence by February 28, 2005. The Defendant agrees to fully cooperate to effect this paragraph.

*RCM*

B. **Marital Residence.** Complainant shall relinquish all of her right, title and interest in the marital real estate known as "Southerly" to the Defendant via Quitclaim Deed. (AT 2698 Zulla Road Middleburg, VA 20117)

*RCM*

C. **Automobiles.** Defendant shall sign all of his right, title and interest in the Yukon currently in Complainant's possession to the Complainant as her sole and separate property upon presentation of the title to the Defendant. Complainant shall be solely responsible for all expenses associated with her sole ownership of said vehicle from this date forward, including, but not limited to, liens, insurance, personal property

7

taxes, maintenance and repairs, and Complainant shall save Defendant harmless from same.

Defendant shall retain ownership of all other vehicles currently in his possession as his sole and separate property and shall hold Complainant harmless from same.

10. <u>Marital Debt</u>. Excluding the Yukon, Defendant agrees to be responsible for and pay within 120 days all marital debts of the parties having arisen prior to their separation and agrees to hold Complainant harmless from same, including, but not limited to the following marital debts: personal property taxes on marital vehicles (the Complainant having paid taxes from October 23, 2003 through the present on the Yukon); Herriot Clarkson; Complainant's credit card bills (to include American Express, not to exceed $8,000.00, Discover, not to exceed $10,000.00, BB&T credit card, not to exceed $4,000.00, and Bank One credit card, not to exceed $3,850.00); and Dr. Schweig through April 13, 2003. Defendant further agrees that payment of said marital debts and indemnification will be non-dischargeable in bankruptcy and shall be in the nature of spousal support.

11. <u>Life Insurance</u>. Defendant agrees to submit to any reasonable requirements of a life insurance company in order for Complainant to obtain a life insurance policy on his life, at Complainant's expense, until all financial obligations of the Defendant to the Complainant have been paid in full.

12. The amounts due each person under this Decree are as outlined in Paragraphs 4, 5, 6 and 10 above and shall be payable via cashier's check.

8

13. In determination of a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law.

14. The Department of Social Services may, pursuant to Chapter 19 (§ 63.2-1900) of Title 63.2 and in accordance with Sections 20-108.2 and 63.2-1921, initiate a review of the amount of support ordered by any Court.

15. The parties are ordered to provide thirty (30) days advance written notice to this Court and to the other party in the event that such party intends to relocate; such notice shall include any intended change of address.

16. On motion of the Defendant, ~~the record~~ *This Order and Exhibits A-F (1/25/05)* herein shall be sequestered pursuant to the provisions of Section 20-124 of the Code of Virginia of 1950, as amended. *and open n/y to the parties and their attorneys, including prior attorneys.*

17. The parties agree that any costs, including, but not limited to, counsel fees, court costs, investigation fees and travel expense, incurred by a party in the successful enforcement of any of the provisions of this Decree, whether through litigation or other action to compel compliance herewith shall be borne by the defaulting party. Any such costs incurred by a party in the successful defense to any action for enforcement of any of the agreements, covenants or provisions of this Agreement shall be borne by the party seeking to enforce compliance.

Upon agreement of the parties, the parties shall continue to use the services of Linda I. Dodge as Neutral Case Evaluator for the issues of custody and visitation.

In all other respects, this Decree is FINAL. However, this cause is continued for trial on October 24 and 25, 2005 at 9:30 a.m. as to the issues of custody and visitation, including Defendant's Motion for Clarification, and the Court hereby reserves jurisdiction to adjudicate the same, *and any outstanding issues regarding the charging lien filed pursuant to § 54.1-3532 by Gannon & Cottrell, P.C.*

9

ENTER this ___25<u>th</u>___ day of ___January___, 2005.

Jeffrey W. Parker, Judge

I ASK FOR THIS:

Robin C. Gulick, Esquire
GULICK, CARSON & THORPE, P.C.
70 Main Street, Suite 52
P.O. Box 880
Warrenton, Virginia 20188
Telephone: (540) 347-3022
Facsimile: (540) 347-9711
Counsel for Complainant


SEEN AND AGREED:

Scott E. Luellen, *Pro Se*
P.O. Box 1864
Middleburg, Virginia 20118
Telephone: 540-687-8233
Facsimile: 540-687-6450

A COPY TESTE: GAIL H BARB CLERK

By _____
Deputy Clerk
FAUQUIER COUNTY CIRCUIT COURT, VA.

10

# EXHIBIT D

VIRGINIA:

### IN THE CIRCUIT COURT OF FAUQUIER COUNTY

TRACEY L. HODGE LUELLEN,
      Complainant/Cross-Defendant,

v.                                   CHANCERY NUMBER CH03-166

SCOTT ERIC LUELLEN,
      Defendant/Cross-Complainant.

### DECREE

THIS CAUSE came on to be heard the 5th day of April, 2005, upon the Defendant's Motion to Clarify Order; upon the Rule entered February 22, 2005; upon the Rule entered March 8, 2005; and the Rule entered March 16, 2005.

Upon the presentation of evidence and the argument of counsel, the Court doth ADJUDGE and DECREE the following:

1.  That the Motion to Clarify the Order entered herein on October 20, 2004 is denied. The Defendant, Scott E. Luellen, shall pay Dr. Schutz the sum of $4,700.00 on or before May 5, 2005.

2.  As to the Rule entered on February 22, 2005, the Court finds Scott Luellen in contempt of Court.

3.  As to the Rule entered on March 8, 2005, the Court finds Scott Luellen in contempt of Court. The finding of contempt concerning the Rule of March 8, 2005 does not extend to the provisions concerning life insurance under the Final Decree of Divorce entered on January 25, 2005. However, Defendant is ordered to comply with the life insurance terms of the Final Decree of Divorce forthwith. Accordingly, the Court imposes the following sanctions:

'LICK, CARSON
THORPE, P.C.
Attorneys at Law
70 Main Street
Warrenton, Virginia
20186
one: Area Code 540
347-3022

1

A. Scott Luellen be and is hereby remanded to the custody of a Sheriff of Fauquier County for a confinement of ten days in jail, said jail sentence being suspended in its entirety upon the following conditions:

      i.  That Scott E. Luellen pay the sum of $5,361.00 to Gulick, Carson & Thorpe, P.C., on or before May 20, 2005; and

      ii.  That Scott E. Luellen pay Tracey L. Luellen the sum of $12,927.00 on or before June 4, 2005.

4. As to the Rule issued on March 16, 2005, the Court finds Scott E. Luellen guilty of contempt. Scott E. Luellen is hereby remanded to the custody of the Sheriff of Fauquier County to serve 48 hours in jail, said sentence being suspended in its entirety on the condition that for the next twelve months, Scott E. Luellen appear at any *and all* hearings on *any* a Rule to Show Cause which may be entered in this cause *over* in the next twelve months.

ENTER this __8__ day of __April__, 2005.

_____
Jeffrey W. Parker, Judge

I ASK FOR THIS:

_____
Robin C. Gulick
GULICK, CARSON & THORPE, P.C.
70 Main Street, Suite 52
P.O. Box 880
Warrenton, Virginia 20188
Telephone: 540-347-3022
Facsimile: 540-347-9711
Counsel for Complainant

2

SEEN and OBJECTION NOTED:

Whitson W. Robinson, Esquire
P.O. Box 203
Warrenton, Virginia 20188
Telephone: 540-347-2200
Facsimile: 540-347-7350
Counsel for Defendant

# EXHIBIT E

VIRGINIA:

IN THE CIRCUIT COURT OF FAUQUIER COUNTY

TRACEY L. HODGE LUELLEN,
      Complainant/Cross-Defendant,

v.                            CHANCERY NUMBER CH03-166

SCOTT ERIC LUELLEN,
      Defendant/Cross-Complainant.

## **DECREE**

THIS CAUSE came on to be heard the 19th day of May, 2005, upon the Rule to Show Cause entered herein on May 3, 2005.

The Complainant, Tracey L. Hodge Luellen, appeared in person and by counsel, and the Defendant, Scott Eric Luellen, appeared in person and by counsel.

Upon the evidence presented and the argument of counsel, the Court doth ADJUDGE and DECREE the following:

1. The Court finds Scott E. Luellen in contempt of Court. The Court imposes the following sanctions:

     A. Scott Luellen is sentenced to ninety days in jail, said sentence being suspended upon his payment of $125,000.00, together with interest at 6% from May 1, 2005 until paid, which payment shall be made on or before August 19, 2005, and payment of attorney's fees to Gulick, Carson & Thorpe, P.C. in the amount of $1,949.50 to be paid on or before August 19, 2005.

2. The Court orders that this particular Rule is hereby placed on this Court's docket of September 6, 2005 at 1:30 p.m. to determine if the Defendant, Scott E. Luellen, is in compliance with the terms of this Decree.

GULICK, CARSON
& THORPE, P.C.
Attorneys at Law
70 Main Street
Warrenton, Virginia
20186
Phone: Area Code 540
347-3022

1

ENTER this _6_ day of _June_____, 2005.

_____
Jeffrey W. Parker, Judge

I ASK FOR THIS:

_____
Robin C. Gulick, Esquire
VSB # 16715
Gulick, Carson & Thorpe, P.C.
70 Main Street, Suite 52
P.O. Box 880
Warrenton, Virginia 20188
Telephone: 540-347-3022
Facsimile: 540-347-9711
Counsel for Complainant


SEEN AND OBJECTED TO:

_____
Whitson W. Robinson, Esquire
P.O. Box 203
Warrenton, Virginia 20188
Telephone: 540-347-2200
Facsimile: 540-347-7350
Counsel for Defendant

2

# EXHIBIT F

VIRGINIA:

## IN THE CIRCUIT COURT OF FAUQUIER COUNTY

TRACEY L. HODGE LUELLEN,
      Complainant/Cross-Defendant,

v.                                CHANCERY NUMBER CH03-166

SCOTT ERIC LUELLEN,
      Defendant/Cross-Complainant.

### DECREE

THIS CAUSE came on to be heard this 21st day of June, 2005 upon the Rule to Show Cause entered herein on June 8, 2005. The Complainant, Tracey L. Hodge Luellen, appeared in person and by counsel and the Defendant, Scott Eric Luellen, appeared in person and by counsel.

Upon the evidence presented and the argument of counsel, the Court doth ADJUDGE and DECREE the following:

1. The Court finds Scott E. Luellen in contempt of Court. The Court imposes the following sanctions: Scott E. Luellen is sentenced to sixty (60) days in jail. The aforesaid sixty day sentence is suspended upon the following conditions:

    A. That Scott E. Luellen pay MedStar Georgetown Medical Center the sum of $898.15 on or before July 21, 2005;

    B. That Scott E. Luellen pay all sums due in Paragraph 1 of the Petition for Rule to Show Cause dated June 7, 2005 on or before August 19, 2005;

    C. That Scott E. Luellen maintain and keep current the existing health care coverage for the children;

    D. That Scott E. Luellen remain current with his child support, spousal support and lump-sum spousal support obligations due July 1, 2005 and August 1, 2005; and

CK, CARSON
ORPE, P.C.
meys at Law
Main Street
nton, Virginia
20186
Area Code 5-10
47-3022

E.  That Scott E. Luellen pay the arrearage in Paragraph 4 of the Petition for Rule to Show Cause dated June 7, 2005 in the amount of $12,988.00 on or before August 1, 2005.

THE COURT DOTH FURTHER DECREE that this particular Rule is hereby placed on this Court's docket of September 6, 2005 at 1:30 p.m. to determine if the Defendant, Scott E. Luellen, is in compliance with the terms of this Decree.

ENTER this _27_ day of ____June____, 2005.

Marc Jacobson, Judge Designate

I ASK FOR THIS:

Robin C. Gulick
GULICK, CARSON & THORPE, P.C.
70 Main Street, Suite 52
P.O. Box 880
Warrenton, Virginia 20188
Telephone: 540-347-3022
Facsimile: 540-347-9711
Counsel for Complainant

SEEN and OBJECTION NOTED:

Whitson W. Robinson, Esquire
P.O. Box 203
Warrenton, Virginia 20188
Telephone: 540-347-2200
Facsimile: 540-347-7350
Counsel for Defendant

A COPY TESTE: GAIL H. BARB, CLERK

BY _____
Deputy Clerk
FAUQUIER COUNTY CIRCUIT COURT, VA.

2

# EXHIBIT G

BK 0093 PG 0556

VIRGINIA:

## IN THE CIRCUIT COURT OF FAUQUIER COUNTY

TRACEY L. HODGE LUELLEN,
        Complainant/Cross-Defendant,

v.                                                  CHANCERY NUMBER CH03-166

SCOTT ERIC LUELLEN,
        Defendant/Cross-Complainant.

## <u>DECREE</u>

THIS CAUSE came on to be heard the 4th day of October, 2005, upon the

Decrees previously entered herein and pursuant to this Court's Decree of September

14, 2005.

The Complainant appeared by counsel and the Defendant appeared in person,

*pro se.*

IT APPEARING TO THE COURT that Scott E. Luellen has failed to fully comply

with the Decrees entered herein on June 6 and June 23, 2005, the Court doth

ADJUDGE and DECREE the following:

1.  That Scott E. Luellen wire funds into the trust account of Gulick, Carson &

Thorpe, P.C. in the amount of $171,164.53 on or before October 18, 2005; *4:30 p.m. on*

2 . That should the law office of Gulick, Carson & Thorpe, P.C. not be in receipt

of the aforesaid wire *at the said time* into its trust account in the aforesaid amount , Scott E. Luellen is

hereby remanded to the custody to the Sheriff of Fauquier County to serve the two

incarcerations of 150 days total previously imposed herein;

3.  That should Scott E. Luellen fail to report to the jail as ordered, a capias will

be issued for his arrest;

ULICK, CARSON
& THORPE, P.C.
Attorneys at Law
70 Main Street
Warrenton, Virginia
20186
hone: Area Code 540
347-3022

1

BK 0093 PG 0557

4. That should Scott E. Luellen report to the aforesaid jail and thereafter have the aforesaid amount of $171,164.53 deposited into the trust account of Gulick, Carson & Thorpe, P.C., he shall be forthwith released from the jail;

5. That the Court orders that this matter be re-Praeciped by the Complainant for November 1, 2005 at 1:30 p.m. to determine the status of this matter; and

6. That the Court dispenses with endorsement by the Defendant pursuant to Rule 1:13. However, the Clerk shall mail a copy of this Decree to Scott E. Luellen.

ENTER this ⟨13⟩ day of October, 2005.

ENTERED OCT 1 3 2005

Jeffrey W. Parker, Judge

**JEFFREY W. PARKER, JUDGE**

SEEN:

Robin C. Gulick
GULICK, CARSON & THORPE, P.C.
70 Main Street, Suite 52
P.O. Box 880
Warrenton, Virginia 20188
Telephone: 540-347-3022
Facsimile: 540-347-9711
Counsel for Complainant

CC:
Gulick
S. Luellen

2

# EXHIBIT H

VIRGINIA:

### IN THE CIRCUIT COURT OF FAUQUIER COUNTY

TRACEY L. HODGE LUELLEN,
      Complainant/Cross-Defendant,

v.                                  CHANCERY NUMBER CH03-166

SCOTT ERIC LUELLEN,
      Defendant/Cross-Complainant.

### **CONSENT DECREE**

THIS CAUSE came on to be heard the 4th day of October, 2005 and the 18th day of October, 2005, upon the Decrees previously entered herein and pursuant to this Court's Decree of September 14, 2005.

The Complainant appeared by counsel and the Defendant appeared in person, pro se.

WHEREAS, *the Defendant represented that* on September 6, 2005, Defendant's employer ratified investment contracts with a foreign investor (Dretta), were advised funds were being delivered, advised Plaintiff of the same and said funds were not delivered, apparently due theft by a foreign intermediary;

WHEREAS, *the Defendant represented that* on October 15, 2005, Defendant's employer ratified investment and sales contracts with immediate settlement with a domestic investor (Landers), received and shared copies of his brokerage balances and repeated written commitments to deliver said funds by Thursday October 20, 2005 to the satisfaction of Defendant and Plaintiff; where after, said investor acknowledged his legal obligation; however, did not fund because of objections by his spouse; where after Defendant's employer offered additional security and return, failing that, then to threaten contract enforcement, including *lis pendens* on his homes, yet, it appears he will now fail to perform nor is

1

there sufficient time to cause his performance via Court action;

WHEREAS, *the Defendant represents that* simultaneously, Defendant's employer had secured written confirmations of another domestic investor (Dominguez) who was attempting to fund by Friday October 21; however, as a Florida resident was delayed with preparations for hurricane Wilma, and while he may fund October 24th or 25th, it is more likely he shall need the balance of the week; Defendant verily believes there is a good probability of his execution and funding;

WHEREAS, *The Defendant represents* also simultaneously and redundant to Investor Dominquez, Defendant's employer has secured a Letter of Intent (LOI) for debt to purchase a property including sufficient cash-out to settle all matters, expect a letter of commitment by Tuesday, October 25, 2005 including a settlement by Tuesday, November 2, 2005.

THEREFORE, IT APPEARING TO THE COURT that Scott E. Luellen has failed to fully comply with the Decrees entered herein on June 6 and June 23, 2005, the Court doth ADJUDGE and DECREE the following:

1. That Scott E. Luellen wire funds into the trust account of Gulick, Carson & Thorpe, P.C. in the amount of $171,164.53 on or before November 1, 2005;

2. That should the law office of Gulick, Carson & Thorpe, P.C. not be in receipt of the aforesaid wire into its trust account in the aforesaid amount by November 1, 2005, Scott E. Luellen is hereby remanded to the custody to the Sheriff of Fauquier County to serve the two incarcerations of 150 days total previously imposed herein at 6:30 p.m. on November 2, 2005;

3. That should Scott E. Luellen fail to report to the jail as ordered, a *capias* will be issued for his arrest;

2

4. That should Scott E. Luellen report to the aforesaid jail and thereafter have the aforesaid amount of $171,164.53 deposited into the trust account of Gulick, Carson & Thorpe, P.C., he shall be forthwith immediately released from the jail;

5. That the Court orders that this matter be re-Praecipied by the Complainant for November 1, 2005 at 1:30 p.m. to determine the status of this matter;

6. That upon receipt of the aforesaid sum of $171,164.53 by Gulick, Carson & Thorpe, P.C., Scott E. Luellen shall have discharged all obligations under the Decree of June 6, 2005, thereby vacating the 90-day incarceration imposed therein;

7. That upon the receipt of the aforesaid sum of $171,164.53 by Gulick, Carson & Thorpe, P.C., Scott E. Luellen shall have discharged all obligations under the Decree of June 23, 2005 except the payment of the Judgment of Herriot Clarkson.  However, Herriot Clarkson having agreed to delay collection efforts against the Complainant and the Defendant until January 11, 2006, this cause is continued until January 17, 2006 at 1:30 p.m. to determine Scott E. Luellen's compliance with the Herriot Clarkson obligation of the June 23, 2005 Decree.

ENTER this **25** day of October, 2005.

_____
Jeffrey W. Parker, Judge

3

SEEN AND NOT OBJECTED TO; however, Tracey Luellen would object to any further extensions:

_____

Robin C. Gulick
GULICK, CARSON & THORPE, P.C.
70 Main Street, Suite 52
P.O. Box 880
Warrenton, Virginia 20188
Telephone: 540-347-3022
Facsimile: 540-347-9711
Counsel for Complainant

SEEN AND AGREED:

_____

Scott E. Luellen
2017 Allen Place, NW
Washington, DC 20009-1507
Defendant, *Pro Se*

4

SEEN AND NOT OBJECTED TO; however, Tracey Luellen would object to any further
extensions:

Robin C. Gulick
GULICK, CARSON & THORPE, P.C.
70 Main Street, Suite 52
P.O. Box 880
Warrenton, Virginia 20188
Telephone: 540-347-3022
Facsimile: 540-347-9711
Counsel for Complainant

SEEN AND AGREED:

Scott E. Luellen
2017 Allen Place, NW
Washington, DC 20009-1507
Defendant, *Pro Se*

4

# EXHIBIT I

VIRGINIA:

### IN THE CIRCUIT COURT OF FAUQUIER COUNTY

TRACEY L. HODGE LUELLEN,
    Complainant/Cross-Defendant,

v.
                                    CHANCERY NUMBER CH03-166

SCOTT ERIC LUELLEN,
    Defendant/Cross-Complainant.

*~~CONSENT~~* **DECREE**

THIS CAUSE came on to be heard the 1st day of November 2005, upon the Decrees previously entered herein and pursuant to this Court's Decree of September 14, 2005.

The Complainant appeared by counsel and the Defendant appeared in person, *pro se.*

IT APPEARING TO THE COURT that Scott E. Luellen has failed to fully comply with the Decrees entered herein on June 6 and June 23, ~~2005~~ *October 25*, 2005, the Court doth ADJUDGE and DECREE the following:

1. *~~see p.3~~* That Scott E. Luellen wire funds into the trust account of Gulick, Carson & Thorpe, P.C. in the amount of $30,000 on or before Friday, November ~~11~~ *15*, 2005

2. That Scott E. Luellen wire funds into the trust account of Gulick, Carson & Thorpe, P.C. in the amount of ~~$30,000~~ on or before 5:00 PM December ~~6~~, 2005; *$ 175,164.53*

3. That should the law office of Gulick, Carson & Thorpe, P.C. not be in receipt of the aforesaid ~~wire~~ *5* into its trust account in the aforesaid amount by ~~October 24, 2005~~ *November 15, 2005 and December 6,* Scott E. Luellen is hereby remanded to

1

\* OF WHICH $4,000.00 IS ATTORNEYS FEES TO the Complainant

the custody to the Sheriff of Fauquier County to serve the two incarcerations of 150 days total previously imposed herein;

4.      That should Scott E. Luellen report to the aforesaid jail and thereafter have the aforesaid amount of $171,164.53 deposited into the trust account of Gulick, Carson & Thorpe, P.C., he shall be forthwith released from the jail;

5.  That the Court orders that this matter be re-Praeciped by the Complainant for Tuesday December 6, 2005 at 1:30 p.m. to determine the status of this matter;

6.  That upon receipt of the aforesaid sum of $171, 164.53 by Gulick, Carson & Thorpe, P.C., Scott E. Luellen shall have discharged all obligations under the Decree of June 6, 2005, thereby vacating the 90-day incarceration imposed therein;

7.  That upon the receipt of the aforesaid sum of $171,164.53 by Gulick, Carson & Thorpe, P.C., Scott E. Luellen shall have discharged all obligations under the Decree of June 23, 2005 except the payment of the Judgment of Herriot Clarkson.  However, Herriot Clarkson having agreed to delay collection efforts against the Complainant and the Defendant until January 11, 2006, this cause is continued until January 17, 2006 at 1:30 p.m. to determine Scott E. Luellen's compliance with the Herriot Clarkson obligation of the June 23, 2005 Decree; and,

8.  ~~Defendant hereby agrees to pay an additional $4,000 to Complainant.~~

ENTER this ___ day of November, 2005.

_____
Jeffrey W. Parker, Judge

JEFFREY W. PARKER, JUDGE

2

SEEN AND ~~AGREED:~~ OBJECTED TO:

Robin C. Gulick
GULICK, CARSON & THORPE, P.C.
70 Main Street, Suite 52
P.O. Box 880
Warrenton, Virginia 20188
Telephone: 540-347-3022
Facsimile: 540-347-9711
Counsel for Complainant

SEEN AND AGREED:

Scott E. Luellen
2017 Allen Place, NW
Washington, DC 20009-1507
Defendant, *Pro Se*

\* By endorsing this Decree the Defendant acknowledges that he is in arrears of the periodic payments due under the Final Decree for the months of September, October and November 2005 and the aforesaid $30,000 represents payment to those Arrearages.

# EXHIBIT J

VIRGINIA:

### IN THE CIRCUIT COURT OF FAUQUIER COUNTY

TRACEY L. HODGE LUELLEN,
      Complainant/Cross-Defendant,

v.                                CHANCERY NUMBER CH03-166

SCOTT ERIC LUELLEN,
      Defendant/Cross-Complainant.

### DECREE

THIS CAUSE came on to be heard the 6th day of December, 2005 to determine Scott E. Luellen's compliance with the Decree entered herein on November 1, 2005, and the matter was argued by counsel.

The Complainant appeared in person and by counsel and the Defendant appeared in person, *pro se*.

IT APPEARING TO THE COURT that Mr. Luellen has failed to comply with the provisions of the Decree of November 1, 2005, in that he has not paid to Gulick, Carson & Thorpe, P.C. the sum of $175,164.53 on or before December 6, 2005;

Accordingly, the Court doth ADJUDGE and DECREE:

1. That Scott E. Luellen is hereby remanded to the custody of the Sheriff of *effective 6:30 p.m.* Fauquier County to serve the two incarcerations of 150 days total previously imposed herein until purged by the Defendant; and

2. That this cause is hereby continued to December 20, 2005 at 1:30 p.m. for review.

The Court dispenses with endorsement of this Decree by the Defendant. However, the Clerk shall mail a copy of this Decree to Scott E. Luellen.

ENTER this *16* day of *December*, 2005.

Jeffrey W. Parker, Judge

1

GULICK, CARSON
THORPE, P.C.
Attorneys at Law
70 Main Street
Warrenton, Virginia
20186
Phone: Area Code 540
347-3022

SEEN:

Robin C. Gulick
GULICK, CARSON & THORPE, P.C.
70 Main Street, Suite 52
P.O. Box 880
Warrenton, Virginia 20188
Telephone: 540-347-3022
Facsimile: 540-347-9711
Counsel for Complainant

2

# EXHIBIT K

BK 0093PG1128

VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF FAUQUIER

TRACEY L. HODGE LUELLEN

     Complainant/Cross-Defendant

VS.                           CHANCERY NO(S). CH03-166

SCOTT ERIC LUELLEN

     Defendant/Cross-Complainant

### ORDER

Upon the written letter of the Sheriff's Office, the Court ORDERS that the Clerk of this Court issue a capias to the Sheriff of Fauquier County or Any Other Police Officer directing him to apprehend the defendant, Scott Eric Luellen, so the defendant may begin to serve a one hundred fifty (150) day term of incarceration as ordered by this Court on the 6th day of June 2005 and the 23rd day of June 2005.

The Sheriff is directed to enter the capias into N.C.I.C.

Upon compliance of said orders in which the defendant, Scott Eric Luellen, shall pay the sum of $175,164.53, the defendant may be released from incarceration.

A copy of this order shall be forwarded to the defendant, counsel for the complainant and the Sheriff. A copy of the Court's order shall be served on the defendant at the time the capias is executed.

ENTER this ____8____ day of December, 2005.

ENTERED DEC 0 8 2005

JEFFREY W. PARKER,  JUDGE

**JEFFREY W. PARKER**, JUDGE