UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracey H. Luellen )<br>7100 Bunker Hill Road )<br>The Plains, VA 20198 )<br> )<br>    Plaintiff )<br> )<br>    v. )<br> )<br>Scott E. Luellen )<br>2017 Allen Place, NW )<br>Washington, DC 20009 )<br>Tel. (202) 460-5155 )<br> )<br>    Defendant )<br>_____ | Civil Case No. 05cv2464   (RJL) |

**MOTION IN SUPPORT OF DEFENDANT'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, IN THE ALTERNATIVE, TRO**

COMES NOW your Defendant, Scott E. Luellen, *Pro Se*, and hereby provides this honorable Court additional case law and argument supporting its Motion for Preliminary Injunctive relief and Temporary Restraining Order in the alternative, and Amended Motion.

1. The frequently recited standard for issuance of a preliminary injunction states that the moving party must establish: (1) a substantial likelihood of success on the merits; (2) irreparable harm if a preliminary injunction is not granted; (3) that the harm to them if a preliminary injunction is not granted outweighs any harm to nonmovants if the preliminary injunction is granted; and (4) that granting of a preliminary injunction would further the public interest. <u>Mova Pharmaceutical Corp. v. Shalala</u>, 140 F.3d 1060,

1066 (D.C. Cir. 1998) (citing CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir.1995)); Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 483 (D.C. Cir. 1977); World Duty Free Americas, Inc. v. Summers, 94 F. Supp. 2d 61 (D.D.C. 2000) (Lamberth, J.) (enjoining agency from enforcing rules).

2. Although movants, Defendant in this case, must satisfy all four requisites to some degree, they do not need to make an equally strong showing on each. Courts are to weigh all the elements together, and the D.C. Circuit has recognized that the factors "interrelate on a sliding scale and must be balanced against each other." Davenport v. International Bhd of Teamsters, 166 F.3d 356, 361 (D.C. Cir. 1999) (citing Serono Labs. Inc. v. Shalala,158 F.3d 1313, 1317-18 (D.C. Cir. 1998)). Thus, a strong showing on one factor, such as likelihood of success on the merits, may justify issuance of a preliminary injunction even if the showing on one or more other factors, such as irreparable injury, is relatively weak. CityFed Fin. Corp., *supra*, 58 F.3d at 747; see also Cuomo v. Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985) (per curiam); Bracco Diagnostics, Inc. v. Shalala, 963 F. Supp.20, 27 (D.D.C. 1997); Bristol-Myers Squibb Co. v. Shalala, 923 F. Supp. 212, 215-16 (D.D.C. 1996); Smith v. Shalala, 954 F. Supp. 1, 3 (D.D.C. 1996).

3. A clear showing of irreparable harm is not required. Indeed, earlier this year the court in Mylan Pharms., Inc. v. Thompson, 139 F. Supp. 2d 1, 2001 WL 273073 (D.D.C. 2001) (Urbina, J.), issued a mandatory

preliminary injunction against a federal agency after *expressly holding* that the movant had *failed* to demonstrate irreparable harm. The court held that, because the movant had made such a strong showing on the merits, which involved primarily questions of law, and because the other two factors also weighed in favor of the movant, the preliminary injunction was warranted. Id., 2001 WL 273073 at *24.

4. In this case, Defendant has made a strong showing on the merits, which is the "most important" of the four prongs. See Mylan Pharms., *supra*, 2001 WL 273073 at *13. The balancing of possible harms and the public interest also strongly favors a preliminary injunction. The threat of irreparable harm, supported by the attached affidavit, is more than sufficient to justify the requested relief. Accordingly, a preliminary injunction should be granted.[1]

I ask for this:


Scott E. Luellen, Pro Se
Defendant
2017 Allen Place, NW
Washington, DC 20007
Tel. 202-460-5155
Fax 202-342-5219
Scottluellen02@aim.com

---

[1] Cited from *Tozzi v. EPA*, Civ. Action No. 00-0173.

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was faxed to Robin Gulick, Esq., Counsel for the Plaintiff/Appellee, Gulick Carson & Thorpe, PC, 70 Main St # 52 Warrenton, VA via facsimile to 540-347-9711 on this 6th day of January, 2006 and mailed a copy via first-class mail to Plaintiff at the address included herein.

_____
Scott E. Luellen, Defendant