UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracey H. Luellen<br>7100 Bunker Hill Road<br>The Plains, VA 20198<br><br>Plaintiff<br><br>v.<br><br>Scott E. Luellen<br>2017 Allen Place, NW<br>Washington, DC 20009<br>Tel. (202) 460-5155<br><br>Defendant | Civil Case No. 05cv2464   (RJL) |

**MOTION FOR SUMMARY JUDGMENT REGARDING
DEFENDANT'S MOTION FOR REMOVAL**

COMES NOW the Defendant, Scott E. Luellen, *Pro Se*, and moves this honorable Court issue a Summary Judgment in regard to its Motion for Removal under the jurisdiction of Rule 56(a) and 81(c) of the Federal Rules of Civil Procedure and applicable case law and states, supporting said Motion for Summary Judgment, as follows:

1. On 23 December 2005, Defendant filed and served upon Plaintiff's counsel, a Motion for Removal under the jurisdiction of numerous Federal Questions and diversity of parties;

2. Twenty (20) days have passed since filing of the Petition and its service upon Plaintiff with neither response nor objection pursuant to Rule 6(a) of the Federal Rules of Civil Procedure;

RECEIVED
JAN 12 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. Further, there have been neither a timely response nor objection raised by Plaintiff that identifies and includes specific evidence in the record that the questions raised are not Federal questions nor has Plaintiff articulated the precise manner in which such evidence would support her claim;[1],[2]

4. The doctrine of "judicial estoppel[3]" as evidenced on the record, limits the objection or reconsideration of summary judgment.[4] Plaintiff's statements on the record and/or in writing that *prima facia* supporting Defendant's arguments in its Motion to Stay;

I ask for this:

Scott E. Luellen, *Pro Se*
Defendant
2017 Allen Place, NW
Washington, DC 20007
Tel. 202-460-5155
Fax 202-342-5219
Scottluellen02@aim.com

---

[1] "A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986).

[2] See *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 115 S. Ct. 195 (1994). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 113 S. Ct. 98 (1992).

[3] See, e.g., *N.M. v. J.G.*, 255 N.J. Super. 423 (App. Div. 1992).

[4] "a party is barred from making a particular factual assertion if that party successfully made an inconsistent factual assertion in a prior proceeding."

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was faxed to Robin Gulick, Esq., Counsel for the Plaintiff, Gulick Carson & Thorpe, PC, 70 Main St # 52 Warrenton, VA via facsimile to 540-347-9711 on this 12th day of January, 2006 and mailed via first-class mail to Plaintiff at the address included herein.

_____
Scott E. Luellen, Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was faxed to Robin Gulick, Esq., Counsel for the Plaintiff/Appellee, Gulick Carson & Thorpe, PC, 70 Main St # 52 Warrenton, VA via facsimile to 540-347-9711 on this 12th day of January 2006 with a copy mailed via first-class mail to Plaintiff at the address shown herein.

_____
Scott E. Luellen, Defendant