IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Tracy H. Luellen ) | | |
| 7100 Bunker Hill Road ) | | |
| The Plains, VA  20198 ) | | |
|     Plaintiff ) | | |
| ) | | |
| Vs. ) | Civil Case No. 05cv2464 (RJL) | |
| ) | | |
| Scott E. Luellen ) | | |
| 2017 Allen Place, NW ) | | |
| Washington, DC 20009 ) | | |
| Tel. (202) 460-5155 ) | | |
|     Defendant ) | | |
| ) | | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
MISCELLANEOUS RELIEF REGARDING RULE 26(f) CONFERENCE**

COMES NOW, Defendant, Scott E. Luellen, *Pro Se*, and responds to Plaintiff's Motion for Miscellaneous Relief, as captioned above herein, and filed with and entered by this Court on January 31, 2006, stating as follows:

1) Defendant will consent to a thirty (30) day extension, pending approval by this Court, for the deadlines associated with Rule 26(f) found in the Court's standard scheduling order of January 3, 2006;

2) Plaintiff made no genuine effort to comply with Rule 26(f), making no contact with Defendant until the deadline and made no good-faith effort to seek consent for a continuance, other than leaving a voice mail for the Defendant only moments before Plaintiff's Motion was filed then claiming Defendant could not be reached, if the Plaintiff sought an

extension, it should have reasonably made the request days or weeks earlier, not in the eleventh hour;

3) Plaintiff's counsel presumes and attempts to act on behalf of the Court about how it will rule regarding jurisdiction apparently in part because of Plaintiff's direction to incur minimal costs therefore allowing only cursory case research; they contradict case law and facts, including as follows:

   a. Federal Courts always retain jurisdiction to evaluate the Constitutionality of lower Court's orders, provided appeals or Motions to Remove are filed within 30-days of the final order, with exceptions even, unnecessarily argued by Defendant;

   b. Jurisdiction is evidenced by over 20 Federal Court decisions and one Supreme Court decision regarding the constitutionality of plenary/civil contempt orders, years after decrees; Plaintiff tries to ignore these cases and claims these 21 Courts did not know their jurisdictional limits and that they know better;

   c. Plaintiff falsely and disingenuously states Defendant seeks review of a one-year old divorce decree, thereafter arguing the appeal window passed and that domestic relations cases cannot be heard, in short, attempting to change facts to those that can be more successfully argued while libeling the Defendant in the process; in reality, the Motion to Remove is to review a civil contempt order issued December 6, 2005 – *prima*

*facia*, it is impossible a contempt order could be reviewed before it was issued or made final; further, the fact that an unconstitutional enforcement order was made for plenary/civil contempt is unrelated to the genesis of the case, as, again, evidenced by the dozens of Federal Court decisions reviewing the Constitutionality of exactly such orders with similar timing;

   d. Plaintiff is unprejudiced by the US Court for the District of Columbia reviewing the matter instead of the US District Court for the Eastern District of Virginia because they are less than two miles apart; in fact, the DC Court is MORE convenient to Plaintiff's counsel, not less; the case should be heard in the US District Court because of judicial economy and timely resolution, and both are even appealed to the same Circuit; diversity of parties can also be argued because at the time of the order being removed and reviewed, the Parties had lived in diverse jurisdictions with the movant in the District for the prior six months;

4) It appears current counsel for Plaintiff relied on misrepresentations by Plaintiff and/or Plaintiff's former counsel to minimize costs presumably rather than independently corroborate the facts leading to the removal motion to insure accurate factual representations, including as follows:

   a. Plaintiff makes false and disingenuous statements in its pleadings libeling Defendant by stating he seeks relief from

child-support payments; the issue before the Court is in regard to one lump sum payment which the written agreement shows is IN LIEU OF EQUITABLE DISTRIBUTION; there is no action regarding child-support payments before the Court; Defendant has NEVER sought to avoid support or ED payments, only reschedule an ED payment because of affordability and because Plaintiff refused to accept equally-valued property in lieu of cash;

b. Plaintiff mischaracterizes herself in pleadings to the Court as a single-mother trying valiantly to enforce child-support obligations simultaneously libeling and defaming Defendant; facts hidden by Plaintiff include:

   i. Defendant paid Plaintiff over $216,000 after-taxes in cash support, $85,000 in property and $14,000 to Plaintiff's benefit in the last 11-months alone, evidencing if Plaintiff is necessitous, is so because her spending patterns and habits, not non-payment;

   ii. The outstanding payment is in lieu of equitable distribution as clearly written in the letters negotiating the decree which were entered as the underlying agreement for the decree, it is not for child-support;

   iii. Plaintiff simply wishes to accelerate the speed of her further enrichment and is dissatisfied that business

    conditions and her refusal of substitute assets will take 6-9 months longer than she wanted;

  iv. Plaintiff's behaviors were analyzed *ad nausea* by a Court-appointed psychologist who concluded Plaintiff had and has a need to "initiate and incite conflict;"

  v. Even the existence of litigation is a direct result of Plaintiff's psychological need to "initiate and incite conflict" as evidenced by the fact Defendant offered larger sums in settlement prior to litigation then what Plaintiff secured after initiating and continuing two years of litigation; in other words, the litigation initiated by Plaintiff failed to benefit her in anyway, while negatively impacting the lives of those involved;

  vi. With any objective and reasonable experienced business person this case was and is easily resolvable by simply agreeing a schedule and security for the remaining outstanding ED payment, offered numerous times by Defendant and rejected by Plaintiff;

5) Defendant verily believes it notified Plaintiff's counsel via a telephone call from a Partner at Steptoe & Johnson made on Defendant's behalf to discuss the case and resolution that Defendant objects to Plaintiff's counsel because Plaintiff's counsel Defendant believes is in violation of conflict of interest rules; specifically, Plaintiff's counsel (members of the

firm) received and reviewed privileged information from Defendant in regard to this case and other matters during its litigation; Williams & Connolly cannot provide advise or correspondent or have privileged information from Defendant and also represent Plaintiff; Plaintiff has failed to respond to the conflict of interest claim and continues to represent Plaintiff.

            Respectfully Submitted,

            Scott E. Luellen, Pro Se
            Defendant
            2017 Allen Place, NW
            Washington, DC 20009
            Tel. (202) 460-5155

Cc's

Gail Barb, Circuit Court Clerk
20th Judicial Circuit Court of Virginia
40 Culpeper St.
Warrenton, VA 20186
Tel. (540) 347-8610
clerk@fauquiercounty.gov

Scott E. Luellen, *Pro Se*
Defendant
2017 Allen Place, NW
Washington, DC 20009
Tel. (202) 460-5155
ScottLuellen02@aim.com

Robin C. Gulick, Esq.
Plaintiff
Gulick, Carson & Thorpe, PC,

70 Main St # 52 Warrenton, VA  20186-3346
Tel. (540) 347-3022
Fax (540) 347-9711
jschneider.gct@verizon.net

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was faxed to Dane Butswinkas, Esq. and Michael T. Morley, Esq., Counsels for the Plaintiff, Williams & Connolly LLP, 725 12th Street, NW, Washington, DC 20005 via facsimile to 202-434-5029 on this 2nd day of February 2006 with a time-date stamped confirmation receipt.

                                                _____
                                                  Scott E. Luellen, Defendant