### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracey H. Luellen )<br>7100 Bunker Hill Road )<br>The Plains, VA 20198 )<br>      Plaintiff )<br> )<br>Vs. )<br> )<br>Scott E. Luellen )<br>2017 Allen Place, NW )<br>Washington, DC 20007 )<br>T. (202) 460-5155 )<br>      Defendant )<br> ) | Civil Case No. 05cv2464 (RJL) |

### MOTION TO TRANSFER

COMES NOW, Defendant Scott E. Luellen, *Pro Se* and in accordance with 28 U.S.C. § 1406(a) respectfully requests this honorable Court transfer the above-styled case to the US District Court for the Eastern District of Virginia, and in support of same, states as follows:

1) 28 U.S.C. § 1406(a) provides for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2) Transfer is preferable to dismissal since it avoids the necessity of commencing a new lawsuit;

3) Transfer can be ordered only if the court in which the action was brought has jurisdiction of the subject matter but it is not necessary that it have personal jurisdiction;

4) The enactment of 1404(a) means that it is now only in rare instances where the alternative forum is a state court or the court of a foreign country may the federal court dismiss on grounds of forum *non conveniens*;

5) Motion for transfer may be made by any party, including the plaintiff;

6) Section 1404(a) is sufficiently broad to control the forum-selection issue. The statute is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under 1404(a) calls on the district court to weigh in the balance a number of case-specific factors, and the presence of a forum-selection clause will figure centrally in the calculus. A forum-selection clause should receive neither dispositive consideration nor no consideration, but rather the consideration for which Congress provided in 1404(a). Section 1404(a) must be applied since it represents a valid exercise of Congress' authority under Article III as augmented by the Necessary and Proper Clause. In this case, the District Court should determine in the first instance the appropriate effect under federal law of the parties' forum-selection clause on respondent's 1404(a) motion. Pp. 29-32.[1]

7) "the constitutional provision for a federal court system . . . carries with it congressional power to make rules governing the practice and pleading in those courts, which in turn includes a power to regulate matters which,

---

[1] U.S. Supreme Court, *STEWART ORGANIZATION, INC. v. RICOH CORP.*, 487 U.S. 22 (1988), 487 U.S. 22, No. 86-1908. Argued February 29, 1988, Decided June 20, 1988.

though falling within the uncertain area between substance and procedure, are rationally capable of classification as either."[2]

Very Respectfully,

Scott E. Luellen, *Pro Se*

---

[2] 380 U.S., at 472

## Certificate of Service

I certify that a copy of the foregoing was sent via first-class US Mail to Dane Butswinkas, Esq. and Michael T. Morely, Esq., Counsels for the Plaintiff, Williams & Connolly LLP, 725 12th Street, NW, Washington, DC 20005 on this 21st day of February 2006.

_____
Scott E. Luellen