UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tracey H. Luellen, ) | |
| ) | Case No. 05cv2464 (RJL) |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Richard Leon |
| ) | |
| Scott E. Luellen, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO TRANSFER**

Defendant Scott Luellen is attempting to remove this divorce case from Virginia's 20th Judicial Circuit (Fauquier County) to this Court. In her Memorandum opposing removal, Plaintiff Tracey Luellen explained that: (i) this Court lacks subject-matter jurisdiction over the case, (ii) the removal motion is untimely, and (iii) under 28 U.S.C. § 1441(a), the only court to which Mr. Luellen could even attempt to remove this matter is the U.S. District Court for the Eastern District of Virginia. *See generally Memorandum of Law in Support of Plaintiff Tracey H. Luellen's Motion to Remand This Case and for Attorneys' Fees* at 3-6 [hereinafter, *Remand Memo.*].

In an attempt to remediate this third deficiency, Mr. Luellen is now attempting to have this matter transferred under 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of Virginia. As Mr. Luellen recognizes in his motion, however, "[t]ransfer can be ordered only if the court in which the action was brought has jurisdiction over the subject matter." *Defendant's Motion to Transfer* at 1; *see also Sanderson v. Spectrum Labs., Inc.*, No. 00-1872, 2000 U.S. App. LEXIS 34058,

- 1 -

at *3 n.1 (7th Cir. Dec. 29, 2000). This Court, however, lacks subject-matter jurisdiction over the instant dispute because:

(i) no federal question appears on the face of the complaint, *see Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004), and diversity jurisdiction may not be relied upon because a defendant cannot attempt to remove a suit to the district in which he lives, *see* 28 U.S.C. § 1441(b);

(ii) jurisdiction is barred by the domestic relations exception, *see Ellison v. Sadur*, 700 F. Supp. 54, 55 (D.D.C. 1988); and

(iii) jurisdiction is barred by the *Rooker-Feldman* doctrine because Mr. Luellen is asking this court "to review a civil contempt order issued December 6, 2005" by a Virginia state court, *Defendant's Response to Plaintiff's Motion for Miscellaneous Relief Regarding Rule 26(f) Conference.*

*See Remand Memo.* at 3-6.

Moreover, even putting aside the fact that removal to this particular district court is improper under 28 U.S.C. § 1441(a) because this case had been pending in Virginia, removal to *any* district court is impermissible because:

(iv) removal is untimely under 28 U.S.C. § 1446(b) given that Mrs. Luellen commenced this suit by filing a bill of complaint for divorce in Virginia state court over two years ago, *see Remand Memo.* Ex. A; and

(v) Mr. Luellen waived his right to remove this case by actively litigating in state court both the underlying divorce case as well as the particular contempt order he is specifically seeking to appeal to this Court, *see Yusefdazeh v. Nelson, Mullins, Riley & Scarborough LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004).

*See generally Remand Memo.* at 6-8.

Furthermore, a transfer under 28 U.S.C. § 1406(a) is not "in the interest of justice" where, as here, the suit was presented to the wrong district court due to the negligence of the party seeking the transfer. *See, e.g., Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("[A]llowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the

interest of justice."); *In re Pickeral*, 26 B.R. 1, 5 (Bankr. D.C. 2001). It "is far from an elusive fact" that a state court case can be removed only to the United States District Court for the district and division in which it is pending, 28 U.S.C. § 1441(a), and Mr. Luellen had "ample opportunity" to attempt to remove it to the Eastern District of Virginia. *Spar*, 956 F.2d at 394.

    For these reasons, Plaintiff Tracey Luellen respectfully requests that this Court deny Defendant Scott Luellen's Motion to Transfer.

Respectfully submitted,

/s/ Michael T. Morley

Michael T. Morley (D.C. Bar #492716)
WILLIAMS & CONNOLLY LLP
725 12th St. NW
Washington, D.C. 20005
(202) 434-5247
Fax: (202) 434-5029
*Attorney for Plaintiff Tracey H. Luellen*

Dated: March 2, 2006

- 3 -

# CERTIFICATE OF SERVICE

I, Michael T. Morley, do hereby solemnly swear that on this 2nd day of March, 2006, I did cause a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Transfer to be served via first-class mail, postage prepaid, upon:

> Scott E. Luellen
> 2017 Allen Place, NW
> Washington, D.C.  20007

*Michael T Morley*
Michael T. Morley (D.C. Bar #492716)