UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Tracy H. Luellen,                )
                                 )
    Appellee/Plaintiff,          )
                                 )
v.                               )   Civil Case No. 05-2464 (RJL)
                                 )
Scott E. Luellen,                )
                                 )
    Appellant/Defendant.         )

## MEMORANDUM OPINION
(June 27, 2006) [#1, 2, 4, 6, 7, 8, 10, 12]

The relevant facts of the case for this Court are that on August 11, 2003, plaintiff Tracy H. Luellen,[1] filed for divorce from defendant, Scott Luellen, in the Circuit Court of Fauquier County, Virginia. On December 23, 2005, defendant filed a motion for removal to this Court. The only difficulty this case presents is in choosing among the countless reasons why removal is improper.

Removable actions are provided for in 28 U.S.C. § 1441(a), which states in part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending.*" 28 U.S.C. § 1441(a) (2000) (emphasis added). This Court need not even address

---

[1] The plaintiff's first name has been spelled inconsistently in the parties' submissions to the Court. This case is docketed under the name "Tracy," but both parties have sometimes employed the spelling, "Tracey." The Court will use the former spelling when referring to Ms. Luellen, unless otherwise specified by the title of a particular pleading.



any jurisdictional issues. Removal statutes are to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *LaPoint v. Mid-Atlantic Settlement Servs.*, 256 F. Supp. 2d 1, 3 (D.D.C. 2003). The statute provides for removal to the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). The present case was filed in the Circuit Court of Fauquier County in Virginia. This Court could not in any way be interpreted as embracing Fauquier County which is located in Virginia. The statute further provides that " [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. §1446(c)(4). Because Congress has not provided for removal from a state court to a district court outside of that state, defendant's motion for removal to this Court must be denied and the case summarily remanded to the 20th Judicial Circuit of the Commonwealth of Virginia (Fauquier County).

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Removal from State Court to U.S. District Court and GRANTS Plaintiff Tracey H. Luellen's Motion to Remand. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge